UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TIMOTHY A. TURNER,  :
:
      Plaintiff,  :    Civ. No. 17-0618 (RBK) (KMW)
:
v.  :
:
UNITED STATES OF AMERICA,  :    **OPINION**
:
      Defendant.  :
:

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Timothy A. Turner, is a federal prisoner currently incarcerated at F.C.I. Fairton in Fairton, New Jersey. He is proceeding *pro se* with a complaint filed pursuant to the Federal Tort Claims Act ("FTCA"). Previously, this matter was administratively terminated as Mr. Turner had not paid the filing fee nor had he submitted an application to proceed *in forma pauperis*. Subsequently, Mr. Turner submitted a complete application to proceed *in forma pauperis*. Accordingly, the Clerk will be ordered to reopen this case. Mr. Turner's application to proceed *in forma pauperis* will be granted and the Clerk will be ordered to file the complaint.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II.  BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening opinion. The complaint names one defendant, the United States. Mr. Turner alleges that on September 23, 2014, he was unlawfully removed from his assigned work detail at F.C.I. Fairton in violation of the Inmate Program Statement. He states that he has suffered discrimination on the basis of his race as well as discrimination on the basis of his health in light of this removal.

Mr. Turner explains that he filed an administrative claim related to this removal with the Federal Bureau of Prisons ("BOP") on December 27, 2016. On January 9, 2017, the BOP denied his claim.

Mr. Turner seeks monetary relief in the amount of $5 million.

## III.  LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *see* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x

230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### IV. DISCUSSION

Mr. Turner is explicit in his complaint that he is suing the United States pursuant to the FTCA. (*See* Dkt. No. 1 at p.1 ("Plaintiff brings this action against, the United States of America, pursuant to the Federal Tort Claims Act. So that this Court has jurisdiction of the subject matter of this action to U.S.C. § 1346(b). Therefore, this Court will only construe the complaint as attempting to raise a claim under the FTCA.[1] "The FTCA operates as a limited waiver of the

---

[1] It is worth noting that Mr. Turner has previously raised a racial discrimination claim related to his removal from his prison job in an amended complaint filed pursuant to *Bivens v. Six*

3

United States's sovereign immunity." *White–Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010) (citation omitted). Under the FTCA, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. An incarcerated FTCA plaintiff may sue only the United States, may seek only monetary damages, and may not recover for mental or emotional damages in the absence of physical injury. *See* 28 U.S.C. § 1346(b)(1)-(2) (providing jurisdiction for "civil actions on claims against the United States, for money damages" and providing that incarcerated felons may not bring actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008) ("The Government is the only proper defendant in a case brought under the FTCA.").

A plaintiff suing under the FTCA must present the offending agency with notice of the claim, including a "sum certain" demand for monetary damages. *See White–Squire*, 592 F.3d at 457. "Because the requirements of presentation and a demand for a sum certain are among the terms defining the United States's consent to be sued, they are jurisdictional." *Id.* (citing *United States v. Sherwood*, 312 U.S. 584, 587 (1941)). These requirements cannot be waived. *See id.* (citing *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)).

Under the FTCA:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

---

*Unknown Named Agents of Fed. Narcotics*, 403 U.S. 388 (1971) in this Court. (*See* Civ. No. 15-5942) On December 19, 2016, this Court granted summary judgment in favor of one of the two defendants that Mr. Turner sued in that action. *See Turner v. Doe*, No. 15-5942, 2016 WL 7341708 (D.N.J. Dec. 19, 2016).

28 U.S.C. § 2401(b). A plaintiff must satisfy both provisions of § 2401(b) for an FTCA complaint to be timely. *See Seiss v. United States*, 792 F. Supp. 2d 729, 732 (D.N.J. 2011) (collecting cases and finding that both provisions of § 2401(b) must be satisfied for an FTCA complaint to be timely); *see also Martinez v. United States Postal Service*, No. 15-8545, 2016 WL 6892074, at *3 (D.N.J. Nov. 22, 2016); *David v. United States*, No. 08-5296, 2009 WL 1108852, at *2 (E.D. Pa. Apr. 24, 2009); *Campbell v. United States*, No. 03-0545, 2004 WL 609319, at *1 (D. Del. Mar. 23, 2004). Thus, to bring a timely FTCA claim, Mr. Turner had to file a claim with the appropriate federal agency within two years of the accrual of his claim *and* within six months of when his claim was denied by the agency.

"An FTCA claim accrues when the party knows of his injury and its cause." *Smalis v. United States*, No. 11-0083, 2011 WL 2672016, at *4 (W.D. Pa. July 8, 2011) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979); *Hall v. Admin. Office of the United States Courts*, 496 F. Supp. 2d 203, 206 (D.C. Cir. 2007)). As previously indicated, Mr. Turner states that he was unlawfully removed from his job on September 23, 2014. However, he admits in his complaint that he did not file a claim with the BOP until more than two years later on December 27, 2016. Therefore, his federal FTCA complaint against the United States is untimely because Mr. Turner did not file his claim with the appropriate federal agency within two years of the claim's accrual. *See* 28 U.S.C. § 2401(b). Accordingly, the complaint will be dismissed for failure to state a claim due to untimeliness. This Court will dismiss the complaint without prejudice in the event that Mr. Turner can show in any amended complaint that he may elect to file that he timely filed his claim to the appropriate federal agency within two years after his claim accrued.

## V. CONCLUSION

For the foregoing reasons, the complaint will be dismissed without prejudice for failure to state a claim due to untimeliness. An appropriate order will be entered.

DATED: March 28, 2017                                   s/Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge