## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TIMOTHY A. TURNER, | : | |
| | : | Civ. No. 17-618 (RBK) (KMW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff, Timothy A. Turner, is a federal prisoner currently incarcerated at FCI Schuylkill in Minersville, Pennsylvania. He is proceeding *pro se* with a complaint filed pursuant to the Federal Tort Claims Act ("FTCA"). Specifically, Plaintiff alleges that on September 23, 2014, he was unlawfully removed from his assigned work detail at FCI Fairton in violation of the Inmate Program Statement policies. (*See* ECF No. 1, at 3). He claims the removal was due to discrimination on the bases of his race and his health. (*See id.* at 2).

On March 28, 2017, this Court screened Plaintiff's original complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and dismissed it without prejudice for failure to state a claim due to untimeliness. (*See* ECF Nos. 5, 6). As discussed more thoroughly in this Court's screening opinion, to timely state a claim under the FTCA, a plaintiff must file a claim with the appropriate federal agency within two years of the accrual of the claim *and* within six months of when the claim was denied by the agency. (*See* ECF No. 5, at 4–5). Because Plaintiff did not file a claim with the Bureau of Prisons until December 27, 2016, more than two years after his claim accrued, this Court dismissed Plaintiff's complaint. (*See id.* at 5). The Court permitted Plaintiff leave to

submit a proposed amended complaint in the event that he could show that he timely filed his claim with the appropriate federal agency within two years after his claim accrued. (*See id.*).

On May 2, 2018, the Court, among other things, dismissed Plaintiff's proposed amended complaint without prejudice for failure to state a claim due to timeliness, but provided Plaintiff with another opportunity to show that he timely filed his claim with the appropriate federal agency within two years after his claim accrued. (ECF Nos. 18, 20).

Presently before the Court is Plaintiff's motion for leave to file a second amended complaint. (ECF No. 20). In his submissions, Plaintiff again argues that the Court should not have dismissed his original complaint as untimely because under Rule 15(c) the original complaint relates back to an earlier complaint in one of Plaintiff's *separate* civil actions pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* ECF No. 20, at 3–4). Once again, however, the relation back doctrine only applies to amended pleadings filed within the *same* case. *See* Fed. R. Civ. P. 15(c)(1)(B); *U.S. ex rel. Malloy v. Telephonics Corp.*, 68 F. App'x 270, 273 (3d Cir. 2003) ("Rule 15(c) does not permit a complaint filed in one civil action to relate back to a complaint filed in a separate civil action.").

Moreover, Plaintiff fails to set forth any additional facts showing that he timely filed his claim with the appropriate federal agency within two years after his claim accrued. Accordingly, the Court will deny Plaintiff's motion for leave to file a second amended complaint without prejudice for failure to state a claim due to untimeliness. Plaintiff shall have thirty days to submit a third and *final* proposed amended complaint showing that he meets the FTCA requirements. If Plaintiff is unable to allege facts sufficient to show that he filed his claim with the appropriate federal agency within two years after his claim accrued, the Court will conclude that permitting further amendment would be futile and dismiss the complaint with prejudice. *See Hoffenberg v.*

*Bumb*, 446 F. App'x 394, 399 (3d Cir. 2011); *Rhett v. N.J. State Superior Court*, 260 F. App'x 513, 516 (3d Cir. 2008) (affirming dismissal with prejudice after district court gave *pro se* plaintiff several opportunities to comply with Rule 8).  Any proposed third amended complaint shall be subject to screening.

An appropriate order follows.

Dated:  November  6  , 2018                     s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        U.S. District Judge