UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TIMOTHY A. TURNER,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

Civ. No. 17-618 (RBK) (KMW)

**MEMORANDUM OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

    Before the Court is Plaintiff, Timothy A. Turner's third motion for leave to file an amended complaint. (ECF No. 23). Plaintiff is proceeding *pro se* with a complaint filed pursuant to the Federal Tort Claims Act ("FTCA"). Specifically, Plaintiff alleges that on September 23, 2014, officials unlawfully removed him from his work detail at the prison. (*See* ECF No. 1, at 3). He claims the removal was due to discrimination on the bases of his race and his health. (*See id.* at 2).

    On March 28, 2017, this Court screened Plaintiff's original complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and dismissed it without prejudice for failure to state a claim due to untimeliness. (*See* ECF Nos. 5, 6). As discussed more thoroughly in this Court's screening Opinion, to timely state a claim under the FTCA, a plaintiff must file a claim with the appropriate federal agency within two years of the accrual of the claim *and* a complaint within six months of after receiving a denial from the agency. (*See* ECF No. 5, at 4–5). The Court dismissed Plaintiff's complaint because Plaintiff did not file a claim with the Bureau of Prisons until December 27, 2016, more than two years after his claim accrued on September 23, 2014, when officials removed him from his job. (*See id.* at 5). The Court permitted Plaintiff to submit a proposed amended

complaint to provide him with an opportunity to show that he timely filed his claim with the appropriate federal agency within two years after the accrual of his claim. (*See id.*).

On May 2, 2018, the Court, among other things, denied Plaintiff's first motion to amend without prejudice for failure to state a claim due to untimeliness, but provided Plaintiff with another opportunity to amend. (ECF Nos. 18, 20). For substantially the same reasons, on November 9, 2018, the Court denied without prejudice Plaintiff's second motion to amend and provided Plaintiff with one final opportunity to submit a pleading that meets the FTCA's requirements. (ECF Nos. 21, 22).

Now before the Court is Plaintiff's third motion for leave to file an amended complaint (ECF No. 23). In his submission, Plaintiff offers only the bare allegation that his December 27, 2016, administrative claim was "timely" and that his claim accrued on November 10, 2016. (ECF No. 23, at 3). Plaintiff fails to explain his reasoning or allege any facts to show that he timely filed his claim with the appropriate federal agency within two years after his claim accrued. Consequently, these bare allegations, "because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Reaves v. UMDNJ*, No. 16-4300, 2018 WL 801583, at *5 (D.N.J. Feb. 9, 2018). Further, as discussed above, and in the Court's prior opinions, Plaintiff did not file a claim with the Bureau of Prisons until December 27, 2016, *more than two years after his claim accrued on September 23, 2014,* when officials removed him from his job. (ECF No. 5, at 5).

Accordingly, the Court will deny Plaintiff's third motion for leave to file an amended complaint for failure to state a claim due to untimeliness. In its latest Opinion, the Court notified Plaintiff that his most recent submission would be his final opportunity to show that his claims meet the FTCA's requirements. (ECF No. 21, at 2). As the Court has now given Plaintiff three

additional opportunities to set forth a complaint that meets the FTCA's requirements, and it appearing that Plaintiff cannot do so, the Court concludes that permitting further amendment would be futile and will deny the motion to amend with prejudice. *See Hoffenberg v. Bumb*, 446 F. App'x 394, 399 (3d Cir. 2011); *Rhett v. N.J. State Superior Court*, 260 F. App'x 513, 516 (3d Cir. 2008) (affirming dismissal with prejudice after district court gave *pro se* plaintiff several opportunities to comply with Rule 8).

An appropriate order follows.


Dated: May  24 , 2019                     s/Robert B. Kugler
                                          ROBERT B. KUGLER
                                          United States District Judge